UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DARRELL SELF, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil No. 20-10813-LTS |
| WARDEN SPAULDING, | ) | |
| Respondent. | ) | |

ORDER ON HABEAS PETITION (DOC. NO. 1) AND MOTION TO DISMISS (DOC. NO. 17)

May 29, 2020

SOROKIN, J.

      Darrell Self, a prisoner at the Federal Medical Center in Devens, Massachusetts ("FMC Devens"), has filed a pro se action styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. No. 1.  Along with the petition, Self filed an emergency motion seeking relief in light of the COVID-19 pandemic.  Doc. No. 3.  The respondent notified the Court that he has moved to consolidate this action, and others like it, with a separate habeas action filed on behalf of a proposed class of petitioners presently pending before another session of this Court. See Doc. No. 5 (referencing motion to consolidate habeas petitions filed by individual inmates at FMC Devens with proposed class action Grinis v. Spaulding, No. 20-cv-10738-GAO).  Self supplemented his petition with additional information on May 21, 2020, Doc. No. 15,[1] and the respondent moved for dismissal a week later, Doc. No. 17.

---

[1] Self's motion to supplement (Doc. No. 15) is ALLOWED, though the supplemental information does not alter the Court's resolution of the matter.

Rather than seeking release outright, Self's petition and related submissions seek his transfer to home confinement for the remainder of his sentence and broadly challenge the conditions of his present confinement.  His papers do not allege that release is the only means of adequately protecting him or that the respondent cannot protect him from imminent harm via other changes to the conditions at FMC Devens.  Cf. Baez v. Moniz, No. 20-cv-10753-LTS, ECF No. 64 at 3 (D. Mass. May 18, 2020) (concluding class action sounded in habeas, in part, because such allegations were expressly included in the petition).  Accordingly, to the extent Self's action is intended to seek individual relief under § 2241, it is DISMISSED, as it does not sufficiently allege a challenge to the fact or duration of Self's confinement or to the execution of his sentence sounding in habeas.  This ruling in no way impacts Self's participation as a class member, or his ability to obtain or benefit from any relief awarded, in the pending Grinis proposed class action.  It also neither accepts nor rejects the respondent's representations about the nature and adequacy of FMC Devens's response to the COVID-19 pandemic.

Fairly read, however, Self's submissions do more than advance a habeas claim under § 2241—considered together, they also present a request for compassionate release.  Though the respondent does not meaningfully engage with this aspect of the petition, see Doc. No. 18 at 8 (summarily stating Self "is ineligible for compassionate release" under BOP guidelines), Self explicitly describes his filing with the respondent requesting such release, attaches related documents, and identifies reasons supporting such a request.  See generally Doc. Nos. 1, 3, 3-1, 15.  A request of this nature is governed by 18 U.S.C. § 3582(c)(1) and is properly directed to the sentencing judge or another judge of that court.  Self is presently serving a sentence that was imposed in March 2019 by District Judge Joseph Laplante of the United States District Court for

the District of New Hampshire.  Doc. No. 1 at 1; United States v. Self, No. 17-cr-83-JL, ECF No. 50 (D.N.H. Mar. 27, 2019).

Normally, the Court would transfer this action to the District of New Hampshire for consideration and resolution of Self's request for compassionate release.  However, in response to an order of the Court directing the Federal Defender to evaluate whether it will represent Self in this matter, the Federal Defender has notified the Court (via e-mail to the Deputy Clerk) that Assistant Federal Defender Dorothy E. Graham is presently preparing a separate compassionate release request to be filed in the District of New Hampshire.  In light of that forthcoming filing in the appropriate venue, Self's petition is DISMISSED WITHOUT PREJUDICE insofar as it presents a request for compassionate release to this Court.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge